1
2
3
4
5
6
7
8
9
10
11

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

12
13
14
15
16
17
18
19
20
21

| ASSURED HOLDINGS LTD, a Cayman Islands Corporation, and WILMINGTON TRUST NATIONAL ASSOCIATION, a Delaware Corporation<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas Corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:13-cv-05516-ABC(PLAx)<br><br>**AGREED PROTECTIVE ORDER** |
|---|---|

22
23
24
25
26
27
28

**[PROPOSED] AGREED PROTECTIVE ORDER**

WHEREAS, Plaintiffs Assured Holdings, Ltd. and Wilmington Trust National Association ("Plaintiffs") and Defendant American General Life Insurance Company ("Defendant") (collectively the "Parties") may seek discovery of documents, information, or other materials that may contain the private and confidential medical records or the financial records of non-parties;

WHEREAS, private and confidential medical records or financial records of non-parties are protected from public disclosure by, amongst other laws and regulations, the Federal Health Insurance Portability and Accounting Act (45 C.F.R. §§ 164.102–164.534) (prohibiting disclosure of confidential medical information), California's Confidentiality of Medical Information Act (CAL. CIV. CODE §§ 56–56.37) (same), and the California Financial Information Privacy Act (CAL. FIN. CODE §§ 4050–4060) (prohibiting disclosure of protected financial information);

WHEREAS, Defendant seeks discovery on Plaintiffs' relevant proprietary financial analyses, financial models, and trade secrets;

WHEREAS, Federal Rule of Civil Procedure 26(c)(1)(G) permits the Court to restrict public access to documents containing trade secrets or other commercial information that may be produced or provided in discovery;

WHEREAS, the Parties to this action believe that good cause exists to enter this protective order as set forth in the accompanying Stipulation for Entry of Agreed Protective Order ("Stipulation"); and

WHEREAS, the Court finds that good cause exists for the entry of this protective order under *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1209 (9th Cir. 2002), and pursuant to Federal Rule of Civil Procedure 26(c), the Court orders as follows:

1. This Agreed Protective Order ("Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties

and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

2. Any party or non-party who provides or has provided information or material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "CONFIDENTIAL" under the terms of this Order if the Producing Party believes in good faith that such Discovery Material contains non-public, confidential, proprietary, or commercially or personally sensitive information that requires the protections provided in this Order ("Confidential Discovery Material").

3. For purposes of this Order, information considered to be Confidential Discovery Material includes all non-public material, including responses to discovery requests and interrogatories and testimony adduced at deposition, containing information that a Producing Party believes to be personally- or commercially-sensitive.

4. The designation by any Producing Party of Discovery Material as "CONFIDENTIAL" shall be made only after review by an attorney for the designating party based on a good faith belief that there is a valid basis for such designation.

5. Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation. Discovery material, or information derived therefrom shall not be used for any other purpose, including, without limitation to, any other lawsuit, or any other business, commercial, or personal purpose.

6. The designation of Discovery Material as "CONFIDENTIAL" for purposes of this Order shall be made in the following manner by any Producing Party:

      a.    in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Discovery Material, provided that the failure to designate a document as "CONFIDENTIAL" does not constitute a waiver of such claim, and a Producing Party may so designate a document promptly after such document has been produced, with the effect that such document is subject to the protections of this Order; and

      b.    in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by counsel to all parties within ten (10) days after the receipt of the transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material. All depositions will be treated as confidential until the expiration of the ten (10) day period. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or in writing, without further order of the Court.

7.    Except as specifically provided for in this or subsequent Court orders, Discovery Material designated "CONFIDENTIAL" or its contents shall not be revealed, disclosed, or otherwise made known to persons, directly or indirectly, other than the following:

      a.    the parties to the Litigation, including the parties' officers, directors, managers, and employees (including in-house counsel), who are necessary to assist counsel for the parties in the conduct of the Litigation for use in accordance with this Order;

      b.    experts or consultants who are not officers, directors, managers or employees of any party and who are necessary to assist outside counsel of record

3

[PROPOSED] AGREED PROTECTIVE ORDER

in the conduct of this Litigation and who sign the undertaking attached as Exhibit A;

  c. counsel for the parties, employees, contractors, and vendors of such counsel assisting in the conduct of the action for use in accordance with the terms of this Order;

  d. trial or deposition witnesses who sign the undertaking attached as Exhibit A;

  e. the Court and Court personnel;

  f. court reporters employed in connection with this Litigation; and

  g. any person who, by the parties' agreement or court order, serves as a mediator of this dispute, and employees of any such mediator(s) assisting in the conduct of the mediation.

  8. Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof.

  9. All documents of any nature, including briefs that have been designated as "CONFIDENTIAL" and that are filed with the Court, shall be filed under seal in accordance with the rules and procedures set forth by the United States District Court for the Central District of California. Specifically, the filing of documents or briefs designated as "CONFIDENTIAL" must be accompanied by an application to file the papers – or the confidential portion thereof – under seal, and the application must show good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

10. If this dispute proceeds to trial, all information designated as confidential and/or kept and maintained pursuant to the terms of this Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the district judge in advance of the trial.

11. Any party to the Litigation who objects to the continued restriction on public access to any document filed under seal shall give written notice of his or her objection to the Producing Party. To the extent that the Producing Party seeks to continue the restriction on public access to documents filed with the Court, the Parties shall follow the procedures to obtain a decision from the Court that is set forth in Local Rule 37. If the Parties want to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect or the moving party may file an *ex parte* application making the appropriate request. The Parties must set forth good cause in the stipulation or *ex parte* application as to why the Joint Stipulation or portions thereof should be filed under seal.

12. Entering into, agreeing to, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

   a. operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

   b. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

5

**[PROPOSED] AGREED PROTECTIVE ORDER**

   c. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

   d. prejudice in any way the rights of a party to seek a determination by the Court – pursuant to the procedure set forth in Local Rule 37 – whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Order;

   e. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

   f. prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

   g. be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

  13. This Order has no effect upon, and shall not apply to, the parties' use of their own respective Confidential Discovery Material for any purpose. Nothing herein shall: (i) prevent a party from disclosing Confidential Discovery Material or other information to officers, directors, or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials, or information designated as "CONFIDENTIAL" obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

  14. If a party in possession of Confidential Discovery Material receives a subpoena or other compulsory process from a non-party to this Order seeking

**[PROPOSED] AGREED PROTECTIVE ORDER**

production or other disclosure of such confidential information, that party shall give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process; such notice shall identify the confidential information sought and enclose a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the confidential information called for prior to receiving a court order or the consent of the Producing Party. In the event that such Confidential Discovery Material containing confidential information is produced to the non-party, such material shall still be treated by the parties to this action in accordance with the designation as "CONFIDENTIAL" by the parties to this Order.

15. Inadvertent failure to designate Confidential Discovery Material as "CONFIDENTIAL" at the time of production may be supplemented by written notice given by the Producing Party. Upon receipt of such notification, all documents, materials, or testimony so designated shall be fully subject to this Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. Notwithstanding the foregoing, no party may designate materials under the Order later than ninety (90) days after the materials were produced to an opposing party pursuant to this Order.

16. In the event a Producing Party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once notice of the inconsistent designation is provided by the Producing Party. The Producing Party shall be responsible for informing the party receiving the inconsistently designated

7

**[PROPOSED] AGREED PROTECTIVE ORDER**

information of the inconsistent designation; however, if any person subject to this Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

17. In the event that a Producing Party inadvertently produces to any other party any materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such privileged materials may be retrieved by the Producing Party by giving written notice to all parties to whom the Producing Party inadvertently provided copies of the produced privileged materials of the claim of privilege and the identity of the documents inadvertently produced pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). Upon receipt of such notice, all parties or other persons who have received a copy of the inadvertently produced materials shall promptly return any and all copies of those materials to the Producing Party or destroy the materials. The terms of this paragraph shall not be deemed a waiver of a party's right to challenge the Producing Party's designation of materials as privileged (provided, however, that any such challenge to the designation may only be made following the return of such identified documents to the Producing Party), nor shall such inadvertent production of any material that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted. No party shall use any inadvertently produced privileged materials, or information gleaned from any inadvertently produced privileged materials, in connection with this Litigation or any related actions. Any party returning material to a Producing Party pursuant to this paragraph may then move the Court for an order compelling production of the material, but said motion shall not assert as ground for entering such an order that the Producing Party

waived any privilege because of the inadvertent production.  Any motion made to the Court under this Paragraph shall be made pursuant to the procedures set forth in Local Rule 37 and Paragraph 11 *supra*.

18. Any person receiving Confidential Discovery Material shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such materials and to prevent further disclosure by it or by the person who received such information.

19. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order.

20. Non-parties who produce documents pursuant to this Order shall have the benefit of this Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

21. The parties agree to be bound by the terms of this Order pending the entry of this Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order has been entered by the Court.

22. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

**[PROPOSED] AGREED PROTECTIVE ORDER**

23.     Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Litigation, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact. However, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including Discovery Material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work product to any person, except pursuant to court order or agreement with the Producing Party.

24.     During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, present the dispute to the Court. As described more fully in Paragraph 11 above, the procedure for obtaining a decision from the Court is set forth in Local Rule 37. While such dispute is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality. The burden of establishing confidentiality rests with the Producing Party.

25.     In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to

protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding.

26.  Each of the parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other parties hereto.  Nothing in this Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

27.  The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

28.  Without a separate court order, the Order does not change, amend, or circumvent any court rule or local rule.

**IT IS SO ORDERED.**

Signed this 21st day of April, 2014.

_____
Honorable Paul L. Abrams
United States Magistrate Judge

11

[PROPOSED] AGREED PROTECTIVE ORDER

**AGREED AND ACCEPTED:**

**CHARLES P. RANDALL**

By: /s/ Charles P. Randall

Attorney for Plaintiffs Assured Holdings, Ltd. and Wilmington Trust National Association

**EDISON, MCDOWELL & HETHERINGTON LLP**

By: /s/ Jessica L. Wilson
     Jessica L. Wilson

Raymond J. Tittmann
Jodi K. Swick
David T. McDowell*
Jessica L. Wilson*
Andrew R. Kasner*
*Admitted *pro hac vice*

Attorneys for Defendant American General Life Insurance Company

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ASSURED HOLDINGS LTD, a Cayman Islands Corporation, and WILMINGTON TRUST NATIONAL ASSOCIATION, a Delaware Corporation<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas Corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:13-cv-05516-ABC(PLAx)<br><br>**UNDERSTANDING PURSUANT TO THE AGREED PROTECTIVE ORDER** |

    I have read the Agreed Protective Order entered in this case. I agree and understand that: (a) all Confidential Discovery Material disclosed to me in this case is pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms thereof, and (b) that the violation of the terms of the Order (by use of the Confidential Discovery Material in any impermissible manner) may subject me to punishment for contempt of a court order.

    I agree to be bound by the Order, and I consent to the jurisdiction of the above-captioned Court for purposes of the enforcement of the Order.

Signature:_____

Please print or type the following:

Name:_____

Title and Affiliation:_____

Address:_____

Telephone:_____

**EXHIBIT A TO [PROPOSED] AGREED PROTECTIVE ORDER**